UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE GERALD STESKAL,

Plaintiff,

v.

LEONDRA R. KRUGER, et al.,

Defendants.

Case No.  26-cv-04069-VC

**ORDER OF DISMISSAL**

Maurice Steskal, a California state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A. For the reasons identified below, the complaint is dismissed.

## DISCUSSION

### a.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### b.      Steskal's Allegations

Steskal names as defendants seven current and former justices of the California Supreme Court. He alleges the justices breached an implied contract with him by violating their oaths of office in denying his constitutional rights by failing to adequately review the record in his direct appeal, and he seeks restitution and damages. The defendants all have judicial immunity, and Steskal has therefore failed to state a claim upon which relief can be granted. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967).

### CONCLUSION

The case is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 29, 2026

_____
VINCE CHHABRIA
United States District Judge

2